UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| Elaine Valles, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br><br><br><br><br>　　　-v.-<br><br>Diversified Adjustment Service, Inc.,<br><br><br>　　　　　　　　　　　　　　Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Elaine Valles (hereinafter, "Plaintiff"), an Florida resident, brings this Class Action Complaint by and through her attorneys, Zeig Law firm, LLC, against Defendant Diversified Adjustment Service, Inc. (hereinafter "Defendant DAS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## **INTRODUCTION/PRELIMINARY STATEMENT**

1.　　Congress enacted the Fair Debt Collection Practices Act ("The FDCPA" or "The Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy."

1

*Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

<u>**JURISDICTION AND VENUE**</u>

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

<u>**NATURE OF THE ACTION**</u>

5.      Plaintiff brings this class action on behalf of a class of Florida consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

<u>**PARTIES**</u>

7.      Plaintiff is a resident of the State of Florida, County of Lee.

8.     Defendant DAS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 600 Coon Rapids Blvd, Coon Rapids, MN 55433.

9.     Upon information and belief, Defendant DAS is a company that uses the mail, telephone, and facsimile and regularly engage in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11.     Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.     The Class consists of:

    a.   all individuals with addresses in the State of Florida;

    b.   to whom Defendant DAS sent a collection letter attempting to collect a consumer debt;

    c.   regarding collection of a debt;

    d.   that included deceptive language regarding a settlement;

    e.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14.    Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e.

16.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

  f.    **Numerosity:**  The Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

  g.    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue

is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 § l692e.

h. <u>**Typicality:**</u> The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

i. <u>**Adequacy:**</u> The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

j. <u>**Superiority:**</u> A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21.     Some time prior to September 18, 2021, an obligation was allegedly incurred by Plaintiff to Sprint.

22.     The alleged obligation arose out of a transaction involving a debt allegedly incurred by Plaintiff to Sprint in which the subject of the transaction was primarily for personal, family or household purposes, specifically the use of telecommunication services.

23.     The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24.     The owner of the alleged obligation is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25.     Sprint contracted with the Defendant DAS to collect the alleged debt.

26.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – September 18, 2021 Collection Letter*

27.     On or about September 18, 2021, Defendant sent the Plaintiff a collection letter (the "Letter") seeking to collect an alleged debt.  **See Collection Letter – Attached hereto as Exhibit A.**

28.     The letter states a balance of $528.59.

29.     The collection letter further states: "Recognizing you may have gone through some financial difficulty and have been unable to satisfy this account, we would have like to offer you a positive and flexible option to resolve your account for 80% of the current balance.

If we receive payment of $422.87, we will consider the account balance settled in full!  After payment of the settlement amount any remaining balance on this account is marked as uncollectable.  No further collection action will occur."

30.     The letter states that upon payment the balance will be settled in full.

31.     The phrase "settled in full" implies that the debt is extinguished and no longer exists.

32.     Yet, the next sentence says that after payment of the settlement any remaining balance on the account would be marked as "uncollectable."

33.     The word "uncollectable" implies that the debt still exists, but cannot be collected which is a completely different meaning than the term "settled in full," which means the debt no longer exists.

34.     For example, under the term "uncollectible," if the debt is sold to another entity the purchasing entity could theoretically continue collection efforts, because the debt still exists, while under the term "settled in full," the debt would be extinguished entirely.

35.     The letter deceives and misleads the consumer by implying that paying the settlement amount will resolve the account and extinguish the debt entirely, yet the next statement implies otherwise, i.e., that the debt will remain, albeit uncollectable.

36.     Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

37.     Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

38.     Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

39.     Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

40.     Plaintiff would have pursued a different course of action were it not for the statutory violations.

41.     As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
### *et seq.*

42.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

44.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45.     Defendant violated said section

    a.      by making a false and misleading representation in violation of §1692e(10);

b.      by falsely representing the character, amount of legal status of the debt in violation of §1692e(2)(A);

By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

46.      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Elaine Valles, individually and on behalf of all others similarly situated demands judgment from Defendant DAS as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  January 14, 2022

**ZEIG LAW FIRM, LLC**
_/s/ Justin Zeig_
Justin Zeig, Esq.
FL Bar No. 112306
3475 Sheridan Street, Suite 310
Hollywood, FL 33021
Telephone: 754-217-3084
Fax: 954-272-7807
justin@zeiglawfirm.com
_Attorneys for Plaintiff_